989 F.2d 1203
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rose M. AMATO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3564.
 United States Court of Appeals, Federal Circuit.
 Feb. 12, 1993.
Corrected April 23, 1993.
 
 Before PLAGER, CLEVENGER and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Rose M. Amato petitions for review of the December 19, 1991 initial decision of the Administrative Judge (AJ) in Merit Systems Protection Board (MSPB or Board) Docket No. SF0846920033-I-1. The AJ's decision affirmed the reconsideration decision of the Office of Personnel Management (OPM) in which OPM rejected Ms. Amato's application to belatedly transfer from the Civil Service Retirement System (CSRS) to the Federal Employees Retirement System (FERS). The AJ's decision became final when the Board denied Ms. Amato's petition for review on July 15, 1992. We affirm.
 
 DISCUSSION
 
 2
 The Federal Employees Retirement Act of 1986, Pub.L. No. 99-335, 1986 U.S.C.C.A.N. (100 Stat.) 514, codified as amended at 5 U.S.C. § 8401-8479 (FERA), created FERS. Section 301 of FERA provided that employees covered by CSRS as of June 30, 1987, could choose to continue being covered by CSRS or to transfer to FERS during an "open season" period from July 1, 1987, through December 31, 1987. 5 U.S.C. § 8331, note (1988). OPM issued a regulation, however, which provided that belated elections could be accepted during the period January 1, 1988, through June 30, 1988, if an individual had not received OPM's FERS Transfer Handbook or "was unable, for cause beyond his or her control, to elect FERS coverage within the prescribed time limit." 5 C.F.R. § 846.204(a) (1992).
 
 
 3
 In 1987, Ms. Amato worked as an administrative officer with the Naval Weapons Station in Seal Beach, California. She received a copy of the FERS Transfer Handbook on June 15, 1987, as did all employees in her office. On December 30, 1987, she elected to remain under CSRS.
 
 
 4
 A major factor considered by many Federal employees in deciding whether to transfer from CSRS to FERS was the applicability of the Public Pension Offset (PPO) provisions of the Social Security Act. Under the PPO, an individual's social security benefits based on his or her spouse's social security coverage are reduced if he or she receives a pension based on work performed for Federal, State or local government. See 42 U.S.C. § 402(b)(4)(A), (c)(2)(A) (1988). However, FERA provided that an employee who elected FERS coverage rather than CSRS in 1988, thereby becoming subject to social security withholding as a Federal employee, would be exempt from the PPO's effects on any spouse's or surviving spouse's Social Security benefits. See 42 U.S.C. § 402(b)(4) (wife's benefits), (c)(2) (husband's benefits), (e)(7) (widow's benefits), and (f)(2) (widower's benefits) (1988 ed., Supp. I). In June of 1991, upon learning that, unlike CSRS benefits, FERS benefits would be exempt from the PPO, Ms. Amato asked to make a belated election to transfer to FERS.
 
 
 5
 The Personnel Office at the Naval Weapons Station denied Ms. Amato's June 1991 request on the ground that it no longer had authority to accept a belated election. Ms. Amato then made her request to OPM, which also denied her request. OPM did so on the grounds that she did not meet the 'cause beyond her control' requirement as stated in 5 C.F.R. § 846.204(a) and that she had not been diligent in seeking information about the impact of her election.
 
 
 6
 Ms. Amato appealed to the MSPB's San Francisco Regional Office. She testified before the AJ that she had received insufficient information from OPM and her personnel office about transferring to FERS and that, during the relevant period, she had been unable to do independent research on the issue because she was debilitated by severe grief following the sudden loss of her daughter in a traffic accident in June of 1987. In his decision, the AJ concluded, however, that Ms. Amato had not established that she was prevented from making a timely FERS election by a cause beyond her control. He also found that Ms. Amato had not acted diligently because she failed to request a belated transfer until June 1991, over three years after the "open season" had ended.
 
 
 7
 This Court's standard of review of MSPB decisions is narrowly defined by statute. We must affirm unless the MSPB's decision is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 8
 The Court sympathizes with Ms. Amato's grief and recognizes that grief can affect one's ability to focus on other matters. However, we are not prepared to disturb the AJ's determination that, in this case, grief did not constitute a cause beyond the employee's control so as to justify exemption from the provision requiring that election of the FERS be made within the "open season" period. Nor are we prepared to disturb the AJ's finding that Ms. Amato did not act diligently in making her FERS election.
 
 
 9
 Furthermore, we note that Ms. Amato sought to make the FERS election long after the expiration of both the statutorily allowed date (December 31, 1987) and the date provided in OPM's regulation governing belated elections (June 30, 1988). There is no statutory authority, however, for OPM to entertain elections made after June 30, 1988. Thus, OPM was without authority to entertain elections made after June 30, 1988. Thus, OPM was without authority to entertain Ms. Amato's application, which was not submitted until June of 1991. Killip v. Office of Personnel Management, No. 91-3359 (Fed.Cir. Apr. 14, 1993).
 
 
 10
 For the reasons stated above, we affirm the decision of the MSPB.